UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-538-FDW
(3:12-cr-258-FDW-1)

| | | |
|---|---|---|
| IGOR BORODIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on its own motion.

On October 22, 2012, Petitioner pleaded guilty pursuant to a written plea agreement to one count of trafficking in motor vehicle airbags which bore counterfeit trademarks owned by automobile manufacturers, and aiding and abetting the same, all in violation of 18 U.S.C. §§ 2320(a) and 2 (Count One), and one count of transporting hazardous materials, and aiding and abetting the same, in violation of 49 U.S.C. § 46312, and 18 U.S.C. § 2 (Count Two). Petitioner was sentenced to an active term of 84-months in prison on Count One and a concurrent term of 64-months in prison on Count Two. (3:12-cr-258, Doc. No. 51: Amended Judgment). Petitioner's convictions and sentence were affirmed on appeal. See United States v. Borodin, No. 13-4862, 2014 U.S. App. LEXIS 11757 (4th Cir. filed June 23, 2014).

On September 10, 2014, Petitioner filed a pro se motion for "Sentencing Modification." (3:12-cv-258, Doc. No. 55). In this motion, Petitioner argues, among other things, that his Fourth Amendment rights were violated because he was held without bail, and he makes various in effort to obtain sentencing reduction. The Court examined the motion and found that it should be

1

properly considered as a motion to vacate, set aside or correct sentence under the provisions of 28 U.S.C. § 2255, which provides in relevant part that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

The Court finds that Petitioner's present motion is a collateral attack on his sentence. However, before the Court considers the merits of Petitioner's arguments in a § 2255 collateral proceeding, the Petitioner is notified pursuant to Castro v. United States, 540 U.S. 375 (2003), that his motion for "Sentencing Modification" will be re-characterized as a § 2255 motion and ruled upon accordingly.

Petitioner will have 21-days from entry of this Order to notify the Court whether he agrees to have his pro se motion re-characterized as a § 2255 motion. If he so agrees then he should present any additional challenges to his convictions or sentence within this 21-day time frame. If Petitioner does not agree to have his pro se motion re-characterized as a § 2255 motion, then his motion for "Sentencing Modification" will be dismissed without prejudice.

Finally, Petitioner is notified that there are restrictions on his ability to present a second or successive § 2255 motion that attacks the same criminal judgment and that there is a one year limitation period within which he must file a § 2255 motion. See 28 U.S.C. § 2255(f) and (h).

**IT IS, THEREFORE, ORDERED** that Petitioner shall notify the Court within

21-days from entry of this Order whether he consents to have his motion for "Sentencing Modification" re-characterized as a § 2255 motion, and if so he should present any additional challenges to his criminal judgment.

**IT IS FURTHER ORDERED** that, if Petitioner does not consent to have his motion re-characterized as a § 2255 motion, then this civil action and his motion for "Sentencing Modification" will be **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

Signed: October 29, 2014

Frank D. Whitney
Chief United States District Judge